IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

David J. McNett,                                          Case No. 3:09CV2085

        Plaintiff

     v.                                                  ORDER

National Credit Union Administration, et al.,

        Defendants

      This is a tort action against the federal government. Plaintiff David McNett sues the National

Credit Union Administration (Administration) and the United States of America under the Federal

Tort Claims Act (FTCA), 28 U.S.C. § 2675(a).

      Pending are the Administration's motion for summary judgment [Doc. 5], and the United

States' motion to dismiss [Doc. 20].

      For the reasons discussed below, I grant the United States' motion to dismiss [Doc. 20],

dismiss plaintiff's claims against the Administration for lack of jurisdiction, and deny as moot the

Administration's motion for summary judgment [Doc. 5].

**Background**

McNett was an employee of the Hardin Community Federal Credit Union (Hardin Community).

The Administration, an independent federal agency, supervises, charters and insures federal credit unions. It typically conducts yearly on-site examinations of credit unions.

In October, 2001, McNett disclosed information about wrongdoing at Hardin Community to an Administration examiner.

Thereafter, on October 17, 2002, Hardin Community fired McNett.

On December 5, 2002, McNett sued Hardin Community in this court for violating the whistle-blower provision of the Federal Credit Union Act, 12 U.S.C. § 1761 *et seq*. *McNett v. Hardin Cmty. Fed. Credit Union* (*McNett I*), No. 3:02-cv-07576.

Hardin Community obtained summary judgment. *Id*., Doc. 65. McNett appealed this decision, and the Sixth Circuit reversed and remanded. *McNett v. Hardin Cmty. Fed. Credit Union*, 118 F. App'x 960, 966 (6th Cir. 2004) (unpublished disposition). The parties settled.

On May 2, 2008, McNett sued the Administration under the FTCA. *McNett v. Nat'l Credit Union Admin.* (*McNett II*), No. 3:08-cv-01121.

On September 23, 2008, the court found McNett failed to exhaust his administrative remedies, as the FTCA requires, and dismissed his suit for lack of subject matter jurisdiction. *Id.*, Doc. 16.

On September 26, 2008, McNett filed a Claim For Damage, Injury Or Death, known as Standard Form 95 (Standard Form) with the Administration.

2

On March 12, 2009, the Administration denied his administrative claim because it was untimely and vague.

On September 9, 2009, McNett filed the instant case (*McNett III*) against the Administration under the FTCA.

On July 2, 2010, McNett filed an amended complaint [Doc. 18] adding the United States as a defendant.

### I. United States Motion to Dismiss

### A. Standard of Review

A claim survives a motion to dismiss under Fed. R. Civ. P. 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*,  U.S.  , 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

A complaint is insufficient "if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, *supra*, 129 S. Ct. at 1949 (citing *Twombly*, *supra*, 550 U.S. at 557) (internal quotation omitted).

I must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). Plaintiff, however, must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, *supra*, 550 U.S. at 555; *see also Iqbal*, *supra*, 129 S. Ct. at 1949 ("Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice."). Regarding 12(b)(6) motions, "[i]f the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

When considering subject matter jurisdiction in a motion to dismiss, "the plaintiff bears the burden of establishing jurisdiction." *Hedgepeth v. Tennessee*, 215 F.3d 608, 611 (6th Cir. 2000).

I may resolve factual disputes regarding a challenge to subject matter jurisdiction without converting the motion to one for summary judgment. *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915-16 (6th Cir. 1986) ("[O]n a Rule 12(b)(1) challenge to subject matter jurisdiction, the court is empowered to resolve factual disputes. . . . [I]t is clear that in either a Rule 12(b)(1) or a Rule 12(b)(6) motion, the parties are free to supplement the record by affidavits; however, in a Rule 12(b)(1) motion, this supplementation does not convert the motion into a Rule 56 summary judgment motion.").

## B. Discussion

In *Blakely v. U.S.*, 276 F.3d 853, 865 (6th Cir. 2002), the Sixth Circuit held that "a district court does not have jurisdiction over an action filed pursuant thereto if the plaintiff did not file an administrative claim within the two-year limitations period under 28 U.S.C. § 2401(b)."

The two years during which, under § 2401(b), a plaintiff must file a claim begins "when [he or she] discovered or had reason to discover" the injury. *Blakely*, *supra*, 276 F.3d at 865. Accrual "may be deferred because of the plaintiff's inability to identify the party whose conduct triggered the injury, [but a plaintiff] must . . . show[] that the United States itself played a wrongful role in concealing the culprit's identity." *Diminnie v. U.S.*, 728 F.2d 301, 305 (6th Cir. 1984).

4

McNett knew of his injury at the latest on December 5, 2002, when he filed *McNett I*. In that case, he sought recovery from Hardin Community for being fired for whistle-blowing. Here he sues a new party for the same injury he described in the 2002 case.

McNett argues, however, that he did not discover the identity of the party whose conduct triggered the injury. He offers, however, no explanation for how the United States played a wrongful role in concealing this culprit's identity.

Furthermore, in his 2002 complaint, McNett describes the Administration's role in his termination. *McNett I*, *supra*, No. 3:02-cv-07576, Doc. 1, at 6. McNett thus knew or should have known he had to name the United States, see Part II.B, *infra*, as a defendant, whether he knew who was allegedly responsible. His injury's accrual thus cannot be deferred due to inability to identify the triggering party. *Diminnie*, *supra*, 728 F.2d at 305.

McNett had to file his administrative claim no later than December 6, 2004, to be timely. Fed. R. Civ. P. 6(a)(1)(C). Because McNett failed to do so, I lack jurisdiction over this claim. *Blakely*, *supra*, 276 at 865. I therefore grant the United States' motion to dismiss. [Doc. 20].

## II. Administration Motion for Summary Judgment

### A. Standard of Review

A party is entitled to summary judgment on motion under Fed. R. Civ. P. 56 where the opposing party fails to show the existence of an essential element for which that party bears the burden of proof. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 322 (1986). The movant must initially show the absence of a genuine issue of material fact. *Id.* at 323.

Once the movant meets that initial burden, the "burden shifts to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 250 (1986) (quoting Fed. R. Civ. P. 56(e)). Rule 56(e) "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. *Celotex*, *supra*, 477 U.S. at 324.

In deciding a motion for summary judgment, I accept the opponent's evidence as true and construe all evidence in the opponent's favor. *Eastman Kodak Co. v. Image Tech. Servs., Inc*., 504 U.S. 451, 456 (1992). The movant can prevail only if the materials offered in support of the motion show there is no genuine issue of a material fact. *Celotex*, *supra*, 477 U.S. at 323.

## B. Discussion

When bringing a tort action against a federal agency, including the Administration, "[t]he authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency." 28 U.S.C. § 2679(a).

The United States is "the only proper defendant" in an FTCA suit. *Allgeier v. U.S.*, 909 F.2d 869, 871 (6th Cir. 1990). Failure to name the United States in an FTCA claim results in a "fatal lack of jurisdiction." *DNC-Memphis, Inc. v. Mut. of Omaha Ins.*, 105 F. App'x 671, 675 (6th Cir. 2004) (unpublished disposition).

As I dismiss McNett's claims against the United States, I thus lack jurisdiction to consider the merits of his claims against the Administration. *Allgeier*, *supra*, 909 F.2d at 871; *DNC-Memphis*, *supra*, 105 F. App'x at 675. I therefore dismiss all claims against the Administration, and deny as moot the Administration's motion for summary judgment [Doc. 5].[1]

---

[1] Were I to assess the merits of these claims, I would similarly find McNett's administrative claim untimely, as in Part I.B, *supra*. I would thus come to the same conclusion that I lack jurisdiction on McNett's claims against the Administration based on McNett's failure to timely exhaust his administrative remedies.

6

**Conclusion**

For the foregoing reasons, it is hereby:

ORDERED THAT:

1. The United States' motions to dismiss [Doc. 20] be, and the same hereby is, granted; and

2. Plaintiff's claims against defendant National Credit Union Administration be, and hereby are dismissed  for want of jurisdiction; the Administration's motion for summary judgment [Doc. 5] is overruled as moot.

So ordered.


                                        s/James G. Carr
                                        U.S. District Judge